### SCHLANSKY et al. v. HILLMAN.

(Supreme Court, Appellate Term. June 30, 1908.)

BROKERS—COMPENSATION—COMPLETION OF NEGOTIATIONS.

Under a contract providing that a broker, on securing a purchaser,
shall receive a commission "when a contract for the sale is signed," the
broker is not entitled to the commission on securing a parol offer, which
is accepted by the principal, where no contract of sale is signed, and
the person making the offer fails to complete the purchase.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 70–73.]

Appeal from Municipal Court, Borough of the Bronx, First District.

Action by Moses Schlansky and another against Ida Hillman. From
a judgment for plaintiffs, defendant appeals. Reversed, and new trial
ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Herman Elfers, for appellant.
Willoughby B. Dobbs, for respondents.

PER CURIAM. The evidence shows without contradiction the
following facts, viz.: Defendant agreed to pay a commission to plaintiffs if they found a purchaser for her property at anything over $20,-
000; that plaintiffs procured one Alterman, who agreed to pay $20,-

250, which was accepted by defendant, and a receipt was given for $50 deposit paid by the said Alterman, which receipt was signed by defendant; that plaintiffs' commission was to be paid "when a contract for the sale was signed"; that this contract was never signed, as said Alterman apparently abandoned the idea of purchasing the property. Thereafter defendant sold the property to another party. There was no actual or binding agreement of sale that could be enforced against the party repudiating the same. Plaintiffs' commissions depended upon plaintiffs bringing the buyer and seller to an actual agreement, not a prospective or contemplated one. The commissions depended upon a sale of the property through their efforts, and where no binding contract for a sale is made, through the fault of the proposed purchaser procured by plaintiffs, the latter are not entitled to a recovery.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.